

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2009

# Angel Pinet v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Angel Pinet v. Holt" (2009). *2009 Decisions.* Paper 1747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-109                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3571
_____

ANGEL M. PINET,
                                        Appellant

v.

RONNIE R. HOLT, WARDEN,
U.S.P. CANAAN

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-01766)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 20, 2009

Before: RENDELL, HARDIMAN and GREENBERG, Circuit Judges

(Filed: March 12, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Angel Pinet, a federal prisoner, appeals from an order of the United States District

Court for the Middle District of Pennsylvania denying his habeas corpus petition.  We

will summarily affirm because Pinet's appeal presents no substantial question.  See 3d

Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

Pinet alleged that he was denied due process during prison disciplinary

proceedings.  A hearing officer found that Pinet fought with his cellmate, and he was

punished by the loss of twenty-seven days of good conduct time and other privileges.  He

appealed the decision, without success, to the appropriate Regional Director and the

General Counsel of the Bureau of Prisons, as required by 28 C.F.R. §§ 541.19 and

542.15.  Thereafter, Pinet filed a habeas petition and traverse under 28 U.S.C. § 2241 in

which he made twelve claims of error.[1]  The District Court found that all but two of the

claims were procedurally defaulted because Pinet failed to raise some of the claims in his

administrative appeals and failed to present other claims at both levels of administrative

review.  The court gave Pinet an opportunity to try to establish cause and prejudice for

the defaulted claims.  The court also ordered the government to explain the specific

security concerns that made it deny Pinet's request to view a videotape described in the

---

[1] The claims are: (1) the hearing officer refused to call Pinet's cellmate as a witness; (2) the hearing officer refused to view a videotape described in the incident report; (3) the hearing officer refused to call Pinet's work supervisor as a witness; (4) the hearing officer did not allow Pinet to make a statement; (5) the hearing officer refused to review Pinet's medical reports; (6) the decision was against the weight of the evidence; (7) the hearing officer was biased; (8) the hearing officer's reliance on the description of the contents of the videotape was improper; (9) the hearing officer's reliance on confidential information was improper; (10) Pinet was refused an examination by a doctor or a physician's assistant after the fight; (11) the assessment form describing his condition after the fight is a forgery; and (12) Pinet was not allowed to see the photographs used at the hearing.

incident report that the hearing officer relied upon in finding Pinet guilty of fighting with his cellmate.

After considering both parties' responses to the order, the District Court found that Pinet had failed to show cause and prejudice to excuse the default of most of his claims. The District Court also concluded that there was no merit to his remaining claims that his rights were violated when the hearing officer refused to view the videotape and when he was denied an examination by a doctor to determine whether his injuries were from a fight or a cold sore.[2] The Government demonstrated that there was a legitimate security reason for the refusal to use the videotape at the hearing (i.e., the tape would show the locations of hidden cameras and allow inmates to figure out where there were blind spots in coverage) and the injury assessment form showed that Pinet was examined by medical staff who would have had the expertise to accurately assess his condition. Accordingly, the District Court denied the petition.

We have jurisdiction over Pinet's appeal pursuant to 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error. Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). As an initial matter, we agree with the conclusion that most of Pinet's claims are procedurally defaulted and that he failed to

---

[2] Evidence relied on by the hearing officer included an injury assessment form from the day of the incident which described Pinet as having a laceration to the inside of his lip, redness around his cheek, redness under his left eye, and a cold sore on his outer lip. Pinet maintains that he only had a pre-existing fever blister.

3

establish cause and prejudice to excuse the default. In general, inmates must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). If a petitioner fails to exhaust his administrative remedies and the administrative process is no longer available to him, procedural default bars review of his claims unless he can show cause and prejudice. Id. at 761. Pinet raised several claims for the first time in his habeas petition, making no attempt at exhaustion, and failed to present others at every level of the administrative process. His bare assertion that he is innocent of fighting with his cellmate is insufficient to excuse the default of these claims,[3] as is his alleged mistaken assumption that the injury assessment form did not document a medical examination, an assumption that is belied by other documents in the record, as explained in the District Court's opinion.

Turning to the claim regarding the videotape, we agree with the District Court's

---

[3] The District Court evaluated Pinet's factual innocence argument under the standard used for procedurally defaulted claims in § 2254 and § 2255 habeas petitions (the "miscarriage of justice" exception). It is unclear whether miscarriage of justice/factual innocence can excuse procedural default in the context of a § 2241 habeas petition challenging prison disciplinary proceedings. See Moscato, 98 F.3d at 761 (stating that a demonstration of cause and prejudice can excuse procedural default and not mentioning miscarriage of justice). We need not decide the question because Pinet's bare assertion of innocence does not suffice to establish either cause for the default, because it does not explain why he failed to raise claims during the administrative process, or a miscarriage of justice, which requires both "new reliable evidence . . . not presented at trial" and a showing that it is "'more likely than not that no reasonable juror would have convicted [petitioner] in light of the new evidence.'" Goldblum v. Klem, 510 F.3d 204, 225 (3d Cir. 2007) (citation omitted).

4

analysis. Although due process in this context requires that an inmate have an opportunity to present evidence, that right may trumped by a legitimate security concern, such as the one presented in this case. See Young v. Kann, 926 F.2d 1396, 1401-02 (3d Cir. 1991). Pinet's claim that his rights were violated when he was not examined by a physician to determine whether he had a cold sore or a laceration from a fight is essentially a challenge to the injury assessment form relied upon by the hearing officer. Pinet was examined by health services staff after the incident and the District Court did not err when it concluded that such personnel have the expertise to distinguish between cold sores and lacerations. Indeed, the assessment form supports the court's conclusion, as staff noted both a laceration inside Pinet's lip and a cold sore outside it.

In conclusion, a prison disciplinary determination comports with due process if it is based on some evidence. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985). Even setting aside the evidence Pinet has unsuccessfully challenged, which we need not do, other evidence adequately supports the hearing officer's decision, including the assessment form documenting injuries to Pinet's cellmate and photographs of the two inmates after the incident.

Accordingly, we will summarily affirm the order of the District Court denying Pinet's habeas petition.